**ORIGINAL**

Nicole L.S. Hilz (Nevada Bar #6827)
James J. Vilt, Jr. (Nevada Bar #6857)
Nevada Disability Advocacy & Law Center
6039 Eldora Avenue, Suite C, Box 3
Las Vegas, Nevada 89146
Tel: (702 257-8150
Fax: (702) 257-8170
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Michael D., by and through his parent, Diana D.; and Diana D.<br><br>Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT<br><br>Defendants. | CV-S-01-0567-LDG-LRL<br><br>**COMPLAINT** |

### PRELIMINARY STATEMENT

1. Plaintiffs, through their above-named legal counsel, bring this action to recover their reasonable attorneys' fees and costs associated with pursuing a free appropriate public education for Michael D. to which they are entitled as the prevailing party and in bringing this action for fees against the CLARK COUNTY SCHOOL DISTRICT (hereinafter "the District").

### JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1415.

3. Jurisdiction is also conferred upon this Court by 28 U.S.C. § 1331 which authorizes federal courts to adjudicate disputes arising under the constitution and laws of the United States

4. Venue is proper in the United States District Court for the District of Nevada as authorized by 28 U.S.C.§ 1391.

///

///

## PARTIES

5. Plaintiff, Michael D., is a 13 year old child with a disability who resides in the State of Nevada, Clark County, and within the Clark County School District.

6. Plaintiff Diana D., is a resident of the State of Nevada, Clark County, within the Clark County School District.

7. Defendant, CLARK COUNTY SCHOOL DISTRICT, is a local educational agency, as defined in 20 U.S.C. §1401, which is located in the State of Nevada, Clark County, and which provides educational services to children residing within the Clark County School District.

## FACTS

8. On or about February 22, 2001 Clark County School District received a request for a due process hearing filed by Diana D. on behalf of her son Michael D. pursuant to 20 U.S.C. § 1415 to establish that the District violated IDEA by failing to provide a free appropriate public education to Michael by failing to implement his current IEP. Michael D.'s parent sought, among other things, development and implementation of appropriate behavior and social development services to address Michael's social and behavioral needs.

9. The due process matter filed in February 2001 was settled by virtue of a settlement agreement entered into during the due process hearing of April 19, 2001. The agreement was later put into writing and dated May 4, 2001. The Hearing Officer subsequently incorporated this document into his closing order dated May 6, 2001. A copy of this closing order and incorporated settlement agreement is attached as Exhibit "1" and is hereby incorporated by reference. The agreement provided, in part, that the District would pay for the services of Dr. Julie Beasley, Neuropsychologist, to consult and advise Michael D.'s IEP team at the IEP meeting and to assist the team in the development of a Functional Behavior Analysis, a Behavior Intervention Plan, and social skills goals and strategies. Further, the District agreed to pay for the services of Dr. Julie Beasley to assist in training the school staff on appropriate implementation of the behavior plan and social skills development.

///

///

## CLAIM FOR RELIEF

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 9 as if fully set forth herein.

11. Plaintiffs have incurred attorneys fees and costs in connection with this matter in the amount of $7,335.00. The District has refused to pay Plaintiffs any attorneys fees or costs for their legal representation at the administrative level despite the fact that the Plaintiffs are the prevailing party.

12. Pursuant to 20 U.S.C. 1415(i)(3), this court may award reasonable attorneys' fees to prevailing parties bringing actions under 20 U.S.C. §1400 *et seq.*

13. Michael D. and his mother, Diana D. are the prevailing parties in this matter, as is demonstrated in the settlement agreement and are statutorily entitled to recover the reasonable attorneys' fees and costs associated with preparing for the due process fair hearing, conducting a portion of the due process hearing, negotiating with the District in reaching a settlement agreement, and in filing and pursuing this complaint as provided for in 20 U.S.C. §1415(i)(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

1. Assume jurisdiction over this case;

2. Award Plaintiffs attorneys' fees and costs, including those associated in bringing this action.

3. Grant such other relief as the Court may deem just and proper.

Dated this 17th day of May, 2001.

NEVADA DISABILITY ADVOCACY & LAW CENTER

By: _____
Nicole L. S. Hilz
Nevada Bar #6827

- 3 -

Case 2:01-cv-00567-LDG-LRL  Document 1-761126  Filed 05/17/01  Page 4 of 7

# STATE OF NEVADA DEPARTMENT OF EDUCATION
## DUE PROCESS HEARING

MICHAEL D▓▓▓▓ by and through
his mother, Ms. Diana D▓▓▓▓

CLOSING ORDER

vs.

CLARK COUNTY SCHOOL DISTRICT
_____/

The parties having entered into a settlement agreement, a copy of which is attached and by this reference incorporated into this order, this matter is closed.

DATED this 6th day of May, 2001.

*Hal TC*

HAL TAYLOR, ESQ.
Due-Process Hearing Officer

HAL TAYLOR, ESQ.
557 Washington, Lower Level
RENO, NV 89503
(775)825-2223; FAX (775)337-2522



EXHIBIT -1-

RECEIVED
MAY 04 2001
SSSD

## STATE OF NEVADA DEPARTMENT OF EDUCATION

### DUE PROCESS HEARING

MICHAEL D███████ by and through
his mother, Ms. Diana D███████

vs.

CLARK COUNTY SCHOOL DISTRICT

FINAL ORDER
AND
DISMISSAL

Prior to the conclusion of the due process hearing on April 19, 2001, the parties in this proceeding entered into an agreement to settle this matter without further administrative proceedings. The agreement entered into by the parties provides as follows:

1) An IEP meeting will be convened as soon as possible, but no later than two weeks from April 19, 2001.
2) Clark County School District will pay for the services of Dr. Julie Beasley, Neuropsychologist to:
   a) Consult with and advise Student's IEP team as a participant at the IEP meeting;
   b) Assist the IEP team in the development of a Functional Behavioral Analysis and development of a Behavior Intervention Plan for Student;
   c) Assist in the development of social skills development including goals and strategies, and;
   d) Assist in training staff on appropriate implementation of the behavior intervention plan and social skills development.
3) Parent agrees to provide Clark County School District with a copy of Dr. Julie Beasley's most recent evaluation of Student.

1

4) A Representative from the Office of Compliance and Monitoring will provide training to the staff at Walter Johnson Middle School on IEP implementation.

5) The Office of Compliance and Monitoring will monitor implementation of Student's IEP at least once prior to the end of the 2000-2001 school year. Said monitoring will continue during the month of September and October of the 2001-2002 school year. Thereafter, the parties will determine whether any further monitoring will be necessary.

6) At the beginning of the 2001-2002 school year sometime during the first three teacher reporting days, Student's IEP team will reconvene to familiarize his new teachers with all facets of his IEP.

7) District agrees to assign a new case manager to Student.

8) Parent reserves the right to request attorney's fees.

Dated this 4th day of May, 2001

_____
CHARLENE GREEN
Assistant Superintendent
Student Support Services Division

Dated this 4th day of May, 2001

_____
PHOEBE V. REDMOND
Administrative Specialist
Student Support Services Division

Dated this 4th day of May, 2001

_____
DIANA D▮▮▮
Parent

Dated this 4th day of May, 2001

_____
NICOLE LYN SMITH HILZ
Attorney for Parent

2

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the law firm of HAL TAYLOR, Attorney at Law, 3680 Grant Drive, Suite A, Reno, Nevada 89509, and that on this date, I caused the foregoing documents(s) to be served on all parties to this action by:

__X__ Placing an original or true copy thereof in a sealed, stamped envelope placed for mailing in the U.S. Post Office at Reno, Nevada.

____ Personal delivery

____ Facsimile (FAX)

____ Federal Express or other overnight delivery

____ Reno/Carson Messenger Service

Addressed as follows:

Ms. Nicole Lyn Smith-Hilz
Nevada Disability Advocacy and Law Center
6039 Eldora Ave.
Las Vegas, NV 89146

Phoebe V. Redmond
Clark County School District
Compliance & Monitoring Office
2832 Flamingo Road
Las Vegas, Nevada 89121

Scott Kirkland
State of Nevada
Department of Education
700 E. Fifth Street
Carson City, NV 89701-5096

DATED this 7th day of May, 2001

/s/ Hal Taylor

- 2 -